■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY D. PHINNEY, Appellant.—Judgment unanimously af- firmed. Memorandum: On appeal from a judgment convicting him of first degree rape and second degree burglary, defendant argues that his consent to representation by assigned counsel, notwithstanding a possible conflict of interest, was not in- formed. Defendant also claims that counsel's representation was ineffective and that the court erred in denying his post- trial motion for a hearing to determine whether new evidence supported an insanity defense. Each of these claims lacks merit. At the outset of the trial the court advised defendant of a possible conflict of interest and defendant's consent to assigned counsel's representation indicated defendant's aware- ness of the potential risks involved *(see, People v Macerola,* 47 NY2d 257, 263; *People v Gomberg,* 38 NY2d 307, 313-314). Moreover, on this record, it is evident that counsel's represen-

tation was effective and meaningful (see, *People v Baldi,* 54 NY2d 137, 147). The court properly denied defendant's post-trial motion without a hearing because the information upon which the motion was based was not newly discovered and could have been produced by defendant at trial with due diligence. (Appeal from judgment of Steuben County Court, Finnerty, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.